**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Ethan Levi**, OSB No. 994255
Email: ethan@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **JEFFREY LOCKER,** | Case No.: 2:19-cv-1720-SU |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>**Civil Rights Action (42 U.S.C. § 1983)**<br>**Violation of Eighth Amendment**<br>**Negligence (Oregon Tort Claims Act)** |
| **BENNETTE NORTON and THE STATE OF OREGON,** | **Jury Trial Demanded** |
| Defendants. | |

## NATURE OF THE CASE

1.    Plaintiff is a prisoner in the Oregon Department of Corrections ("ODOC"). In June of 2016 he suffered an injury to his right elbow that required surgery. He sought help from the

Page 1 – FIRST AMENDED COMPLAINT

defendant, a medical doctor employed by the prison. Dr. Norton identified the likely cause of

plaintiff's pain, but instead of sending plaintiff out for the surgery he needed, Dr. Norton gave him

three steroid injections over the course of 20 months. Those steroid injections caused permanent

injury to plaintiff, including loss of the full use of his dominant hand and disfigurement.

## JURISDICTION

2.      This court has jurisdiction over the subject matter under 42 U.S.C. § 1983 and 28

U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). The court has jurisdiction over plaintiff's pendent state

law claims under 28 U.S.C. § 1367.

## VENUE

3.      Venue is proper within the District of Oregon because all of the events giving rise to

these claims occurred in this judicial district, and all defendants reside in this judicial district.  28

U.S.C. § 1391(b).  Specifically, all of the acts and practices alleged herein occurred at Two Rivers

Correctional Institution ("TRCI") in Umatilla, Oregon.

## PARTIES

4.      Plaintiff Jeffrey Locker is a prisoner of ODOC. At all times relevant, he lived at

TRCI.

5.      Defendant Bennette Norton is a medical doctor employed by ODOC who works at

TRCI.

6.      Defendant State of Oregon is the lawful defendant for Defendant Norton's negligent

conduct under the Oregon Tort Claims Act.

LEVI MERRITHEW HORST PC

LEVI MERRITHEW HORST PC
610 SW ALDER STREET, STE 415
PORTLAND, OR 97205

## FACTUAL ALLEGATIONS

7.      In June of 2016, Mr. Locker was participating in the dog training program at TRCI. He was training a dog on a leash when the dog suddenly pulled, causing him to fall awkwardly on his right elbow. Mr. Locker immediately reported the incident and the injury to staff.

8.      No one from medical saw Mr. Locker until July 27, 2016. On that day, Mr. Locker was seen by a nurse. He told the nurse that he had "searing, burning pain" in his right elbow.

9.      On August 10, 2016, Mr. Locker saw the defendant, Dr. Norton, for the first time to address the injury to his elbow. Dr. Norton, based on Mr. Locker's reported symptoms and description of the injury, immediately suspected a contusion to the right ulnar nerve. There was no other differential diagnosis documented. The defendant ordered an x-ray of the right elbow. An x-ray will not image a nerve. He also ordered a course of oral steroids, an ice pack, and follow-up in two weeks.

10.     On August 24, 2016, Mr. Locker had a follow up appointment with Dr. Norton. Dr. Norton explained that the results of the x-ray were negative. Mr. Locker reported that the oral steroids helped with his pain while he was taking them, but the pain immediately came back when he finished the course of treatment. Dr. Norton ordered a second course of oral steroids and wrote, "? Consider EMG-NCV?". EMG-NCV is an abbreviation for electromyogram test and nerve conduction study, a procedure for testing nerve damage.

11.     On September 14, 2016, Mr. Locker had another follow up appointment with Dr. Norton. He again reported continued pain and discomfort since completing steroid course. Dr. Norton ordered that he be placed on light duty for 30 days, changed the ice pack order to a hot pack order, and ordered follow up in one month.

Page 3 – FIRST AMENDED COMPLAINT

LEVI MERRITHEW HORST PC
610 SW ALDER STREET, STE 415
PORTLAND, OR 97205

LEVI MERRITHEW HORST PC

12.     On October 18, 2016, Mr. Locker had another follow up appointment with Dr. Norton. He again reported continued pain and discomfort that was worse than previous appointments. Dr. Norton ordered an increase in NSAID pain medication.

13.     On November 16, 2016, Mr. Locker had another follow up appointment with Dr. Norton. He reported continued pain and discomfort in his elbow. Dr. Norton ordered the first steroid injection for the elbow. That injection occurred on December 5, 2016.

14.     On January 18, 2017, Mr. Locker had a follow up appointment and reported that he was in less pain since the steroid injection.

15.     By May 28, 2017, the effects of the steroid injection had worn off, and Mr. Locker sent an inmate communication ("kyte") to Dr. Norton reporting that the pain in his elbow had returned.

16.     On June 12, 2017, Dr. Norton saw Mr. Locker and scheduled a second steroid injection. That injection occurred on June 15, 2017. Dr. Norton did not refer Mr. Locker to a specialist, order any imaging, or conduct any nerve testing.

17.     On October 29, 2017, Mr. Locker sent another kyte to Dr. Norton, again reporting that his elbow was not getting better.

18.     Dr. Norton saw Mr. Locker on November 8, 2017. Mr. Locker demanded to see a specialist to address his elbow pain. Dr. Norton then requested authorization for the first time to send Mr. Locker for the nerve testing he first considered in August of 2016. He also ordered a third steroid injection.

19.     Mr. Locker did not actually get to see a specialist to conduct the nerve testing until March 6, 2018. He had to send two kytes in the interim inquiring about the delay. On March 6, 2018, Dr. Michael Turner conducted EMG/NCV testing and concluded that Mr. Locker had 40%

Page 4 – FIRST AMENDED COMPLAINT

Levi Merrithew Horst PC

LEVI MERRITHEW HORST PC

loss of function in the nerves of his right hand. Dr. Turner recommended that Mr. Locker see an

orthopedic surgeon to consider surgery. This was the first time that Mr. Locker learned that he had

been injured as a result of Dr. Norton's conduct.

20.     Mr. Locker was not sent to see a surgeon until June 11, 2018, when he saw Dr.

Bales. Dr. Bales recommended surgery to repair the physical damage to Mr. Locker's right ulnar

nerve.

21.     On July 24, 2018, Mr. Locker finally got the surgery he had needed for the

preceding two years. As a result of the repeated steroid injections conducted by Dr. Norton and the

long delay in treatment, Dr. Bales found rotten, atrophied tissue that had to be removed in the area

around his elbow. In addition, his ulnar nerve has been permanently damaged, with a resulting

reduction of function in his dominant right hand.

22.     On October 31, 2018, Mr. Locker provided notice to ODOC that he intended to file

a lawsuit as required by Or. Rev. Stat. § 30.275.

**FIRST CAUSE OF ACTION**
**(Civil Rights 42 U.S.C. § 1983 Against Defendant Norton)**

23.     Defendant was deliberately indifferent to Mr. Locker's serious medical needs by

failing to send Mr. Locker out for an orthopedic and/or neurological consultation when the oral

steroids failed to resolve the issue. At the latest, Mr. Locker should have been sent for a consultation

when the steroid injection failed to resolve the issue. Instead, Dr. Norton injected Mr. Locker two

more times, causing permanent damage to Mr. Lockers elbow.

24.     Defendant's conduct toward Mr. Locker resulted in reduction of nerve function in

Mr. Locker's dominant right hand, substantial pain, and permanent disfigurement of the right arm

Page 5 – FIRST AMENDED COMPLAINT

LEVI MERRITHEW HORST PC
610 SW ALDER STREET, STE 415
PORTLAND, OR 97205

and therefore subjected him to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION
### (Negligence Under the Oregon Tort Claims Act Against the State of Oregon)

25.    Dr. Norton's conduct breached his duty of care to Mr. Locker and Mr. Locker was injured as a result of that breach.

26.    Under the Oregon Tort Claims Act, the State of Oregon is liable for Dr. Norton's negligence under the circumstances described above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a.    For judgment in favor of plaintiff against defendants for economic and noneconomic damages for each Constitutional violation in an amount to be proven at trial.

b.    For costs and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

c.    For such other and further relief as may appear just, equitable, and appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**DATED** this 1st day of November, 2019.

**LEVI MERRITHEW HORST PC**

By:    /s Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com

Page 6 – FIRST AMENDED COMPLAINT